YATES (PHELPS v.). See Cases Nos. 11,081 and 11,082.

YATES (PRICE v.). See Case No. 11,418.

YATES (ROBERTS v.). See Case No. 11,919.

YATES (SMITH v.). See Case No. 13,131.

———

## Case No. 18,129.

### YAW v. MEAD et al.

[5 McLean, 272.][1]

Circuit Court, D. Michigan. June Term, 1851.

PRACTICE—FOLLOWING STATE LAW.

A law of the state regulating the practice of the state courts, does not apply to the courts of

[1] [Reported by Hon. John McLean, Circuit Justice.]

the United States, unless adopted by act of congress, or by the courts of the United States.

Mr. Terry, for complainant.
Mr. Davidson, for defendant.

McLEAN, Circuit Justice. This is a bill to foreclose a mortgage; and a question is made whether the decree for the sale of the land must be made subject to the 111th section of the general chancery act of the states, which provides, that whenever a bill shall be filed for the foreclosure and satisfaction of a mortgage, the court shall have power to decree a sale of the mortgaged premises, &c., but the judge shall not, by such decree, order any such lands to be sold within one year after the filing of the bill for foreclosure. In the case of Bronson v. Kinny [unreported] the supreme court of the state has held this statute to be binding upon the state courts. The above act has been passed by the legislature of Michigan, since the act of congress adopting the practice of the state courts, consequently the statute cannot apply to the courts of the United States, unless specially adopted by them. No such rule has been adopted. The court ordered the sale of the premises, by giving the usual notice, if the money should not be paid in 6 months.